[Civ. No. 20072.   Second Dist., Div. One.   Dec. 24, 1953.]

EDWARD RUFFELO BENTLEY, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Howser, Coughlin & Schmitt and James J. Coughlin for Petitioner.

S. Ernest Roll, District Attorney, Jere J. Sullivan and Robert Wheeler, Deputy District Attorneys, for Respondent.

DORAN, J.—Petitioner was charged with manslaughter and the crime of violating section 480 of the Penal Code. The complaint duly charged that defendant, ''while engaged in the driving of a vehicle in the commission of a unlawful act not amounting to a felony, with gross negligence, and while in the commission of a lawful act which might produce death, in an unlawful manner, with gross negligence, kill Robert J. Holt, a human being; the death of said decedent being the proximate result of the driving of said vehicle by

the said defendant at the time, place and in the manner as aforesaid.'' Following a preliminary hearing defendant was held to answer. In the superior court petitioner moved to ''set aside the charge of manslaughter on the grounds that petitioner was committed without reasonable and probable cause to believe that petitioner committed said crime of manslaughter.'' The motion was denied and defendant pleaded not guilty. The cause is set for trial. The petition herein seeks to prevent ''further proceedings on said charge of manslaughter.''

The alleged offense was committed on private property. The laws relating to the operation of motor vehicles on public highways therefore do not apply. Petitioner is alleged to have struck and killed the deceased at night. There is evidence that the headlights were very dim and inadequate. Also that defendant fled from the scene following the accident.

Without further details it is sufficient to note that the evidence was sufficient as a matter of law. It is well settled that reasonable or probable cause required to uphold the commitment of an accused under section 995, Penal Code, exists if there is sufficient proof to make it reasonable to believe that the defendant is guilty of the offense charged.

The application for a peremptory writ of prohibition is denied.

White, P. J., concurred.