Ross M. GREEN, Petitioner and Appellant,

v.

Hon. B. F. WHIPPLE, County Judge of Wells County and Clerk of the District Court of Wells County, and Morris Larson, Sheriff of Wells County, North Dakota, Respondents.

No. 7747.

Supreme Court of North Dakota.

April 28, 1958.

Rehearing Denied May 23, 1958.

plaint charging Ross M. Green, the appellant herein, with manslaughter in the first degree in which it was alleged that Green willfully, wrongfully and unlawfully inflicted an injury upon one Richard Jorstad in such a manner as to result in his death while Green was engaged in the commission of a misdemeanor, to wit: reckless driving. This complaint was filed with Honorable B. F. Whipple, Judge of the County Court of Wells County, a county court of increased jurisdiction. A warrant was issued and Green was arrested and brought before the court on August 22, 1955. He demanded and the court acting as committing magistrate conducted a preliminary examination which resulted in an order holding Green for a trial at the next term of the district court in Wells County.

Green applied to the District Court of Wells County for a writ of certiorari which was granted. The county judge was ordered to certify the record, including a full transcript of proceedings, to the district court. The controversy was submitted to that court for hearing, whereupon the writ of certiorari was quashed, vacated and set aside and Green was ordered to appear in the district court for arraignment upon a criminal information. This appeal is taken from that order.

The review of the action of the county court was limited to a determination of whether that court in holding the defendant for trial pursued regularly the authority vested in it with respect to preliminary hearings in criminal matters. Section 32-3309, NDRC 1943; State ex rel. Dreyer v. Brekke, 75 N.D. 468, 28 N.W.2d 598; Peterson v. Points, 67 N.D. 631, 275 N.W. 867; Baker v. Lenhart, 50 N.D. 30, 195 N.W. 16; State ex rel. Olson v. Welford, 65 N.D. 522, 260 N.W. 593.

Section 29-0718, NDRC 1943 provides:

"After hearing the evidence on behalf of the respective parties, in a preliminary examination, if it appears

Lord, Ulmer & Bair, Mandan, for appellant.

Leslie R. Burgum, Atty. Gen., Frank J. Kosanda, Asst. Atty. Gen., Samuel D. Krause, State's Atty. of Wells County, Fessenden, for respondents.

MORRIS, Judge.

On August 20, 1955 the then sheriff of Wells County swore to a criminal com-

either that a public offense has not been committed, or that there is not sufficient cause to believe the defendant guilty thereof, the magistrate shall order the defendant to be discharged."

Section 29-0720, NDRC 1943 provides that:

"If it appears from a preliminary examination that a public offense has been committed, and that there is sufficient cause to believe the defendant guilty thereof, the magistrate shall hold him to answer."

In State ex rel. Germain v. Ross, 39 N. D. 630, 170 N.W. 121, 122, this court said:

"In order to justify a committing magistrate in holding an accused for trial, it is not required that the evidence submitted be of such convincing character as to establish the guilt of the accused beyond a reasonable doubt. All that is required is that there be sufficient evidence to make it appear that a public offense has been committed and that there is sufficient cause to believe the accused guilty thereof."

In Wharton's Criminal Law and Procedure, section 1619, it is said:

"The preliminary hearing is informal in nature and is not a trial and is not governed by the rules of evidence and proof. The question of the defendant's guilt is not to be weighed or examined in the same manner as at a trial by jury. It is sufficient that there is reasonable ground for believing that the defendant is probably guilty, or that there is strong suspicion of his guilt. The preliminary hearing is distinct from an arraignment as there is ordinarily no opportunity to plead either guilty or not guilty at a preliminary hearing."

In California we find statutes similar in text and identical in meaning to our own with respect to the duty of a magistrate after preliminary hearing to discharge the defendant or hold him for trial. See Sections 871 and 872, West's Annotated California Codes, Penal.

One charged with crime has no constitutional right to a preliminary hearing. State v. Hart, 30 N.D. 368, 152 N. W. 672. The right to a preliminary hearing is purely statutory and is bounded by the statutory provisions pertinent thereto. Under our statutes, Sections 29-0718 and 29-0720, supra, the power of the magistrate to hold a defendant to answer is dependent on two things. First, it must appear that a public offense has been committed and second, it must appear that there is sufficient cause to believe the defendant guilty of that offense. The word "appear" is the key to the first requirement for holding the defendant to answer. Counsel for the defendant argues that the prosecution must make out a prima facie case in this respect, that it must "show" that a public offense has been committed. We do not believe that the word "appear" places such a heavy burden upon the prosecution. The most general synonym for "appear" is "seem". Webster's New International Dictionary, Second Edition. Or it may mean "seem likely". Funk & Wagnalls New Standard Dictionary. We do not construe our statutes to require that at a preliminary hearing the commission of a public offense be established with absolute certainty or beyond a reasonable doubt. In order to vest jurisdiction in the magistrate insofar as that phase of the hearing is concerned a probability is sufficient. To hold otherwise would place upon the magistrate, who is not always learned in the law, the burden of determining at a preliminary hearing whether certain acts constitute the commission of a crime, a decision similar to that required to be made by a trial court upon a demurrer to an information. Our statutes contemplate that such a determination will be made at the trial, not at the preliminary hearing.

The second prerequisite to the right of the magistrate to hold a defendant to answer is the appearance of sufficient cause to believe the defendant guilty. This, according to decisions of the California courts, means that there must exist sufficient proof to make it reasonable to believe that the defendant is guilty of the offense charged. People v. Mitchell, 27 Cal.2d 678, 166 P.2d 10; People v. Chapman, 93 Cal.App.2d 365, 209 P.2d 121; Bentley v. Superior Court, 122 Cal.App.2d 262, 264 P.2d 990.

> "The 'sufficient cause' required by section 872 means merely that there is a reasonable or probable cause for believing that defendant is guilty of the crime charged. 'Reasonable or probable cause' means such a state of facts as would lead a man of ordinary caution or prudence to believe and conscientiously entertain a strong suspicion of the accused's guilt." Robison v. Superior Court of the City and County of San Francisco, Cal., 316 P. 2d 1, 3.

In Kansas under statutory provisions similar to ours it is held that:

> "To justify binding over for trial a person accused of crime, it is only necessary at the preliminary examination that sufficient evidence be adduced to satisfy the examining magistrate that a crime has been committed and that the accused is probably guilty." Application of Windle, 179 Kan. 239, 294 P.2d 213, 214.

The evidence adduced at the preliminary hearing discloses that at about 8:30 in the evening of August 18, 1955 the sheriff of Wells County received a telephone call informing him that a motor vehicle accident had occurred on State Highway Number 7 about four miles east of the town of Hurdsfield. The sheriff proceeded to the scene of the accident, arriving there about one-half hour later. He found a grain truck standing on the south edge of the highway facing west. Lying in the road a few feet north of the truck was the body of Richard Jorstad. Another man, John Holzer, had received a broken leg and had been removed from the scene of the accident. Another vehicle described as a "wrecker" was standing on the south side of the road immediately behind the truck and behind the wrecker was a car belonging to the defendant Ross M. Green. Several other persons were at the scene of the accident. The sheriff ordered Green to get in the sheriff's car and wait while he conducted an investigation. He later took Green to the county seat. Officer Hanson of the State Highway Patrol arrived shortly after the sheriff. The highway at the scene of the accident was straight and level. The main traveled portion of the highway consisted of a black top surface about 25 feet wide. On each side of the black top were shoulders surfaced with an oil mat the width of which does not appear. The highway patrolman measured the distance from the hub of the right rear wheel of the truck to the center of the highway and found it to be exactly 8 feet.

At the time the accident happened Jorstad and Holzer were engaged in placing a tire on the right rear wheel of the grain truck. A witness, Andrew Klein, who had been driving another truck which was parked down in the ditch, testified to what happened. He was standing near the two men who were putting on the tire. He apparently had been assisting. He was asked:

> "Q. Somebody told you that they were about through and you could go away then? A. Yes. They had about two bolts to tighten up, and I asked them, 'You don't need me any more?', and just as I walked away that car come. I walked down to the ditch and that car come.
>
> "Q. Then you saw a car coming? A. Yes.
>
> "Q. How far away was it? A. Not very far—a little ways.

"Q. Was it a block, a city block, away? A. Maybe one or two hundred rods, something like that. That is all what I seen.

"Q. Where were you when you saw this car coming? You were down in the ditch? A. Yes, I just walked away, and then I seen that car coming. I went down the ditch and I seen the car coming and then they piled on the boys."

This witness also described the position of the two men. Jorstad was down on his knees screwing bolts into the hub of the wheel. Holzer held the tire. Holzer was behind the truck with his leg sticking out. The approaching car ran over Jorstad and struck and broke Holzer's leg. When asked if Jorstad made any attempt to get away the witness answered,

"No, he could not get away at all. It was too fast, coming too quick."

On further examination he repeated substantially the same testimony as to where he was and what took place, stating,

"I told you I walked away. If I had stayed right there they would have hit me too. I was just lucky I got away, and the boys were going to finish it."

When he was asked if when he saw the car coming it was maybe 150 or 200 rods away, the witness answered:

"Yes. It was coming pretty fast too, you know."

Vincent Heintzelman, who was a passenger in the car, testified briefly. He said that Ross M. Green was driving the car at the time of the accident. After the accident they went on for about 75 or 100 feet, turned around on the road and came back.

■ The defendant Green argues that there is no evidence of a public offense much less the crime of first degree manslaughter charged to have been committed

while the defendant was engaged in the commission of the misdemeanor of reckless driving. Reckless driving may be committed by driving carelessly and heedlessly in willful or wanton disregard of the rights or safety of others; or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or the property of another. State v. Tjaden, N.D., 69 N.W.2d 272.

■ The evidence points strongly to the commission of a homicide by the driver of the car and to Green being that driver. If the homicide occurred while the driver was engaged in committing the misdemeanor of reckless driving it is neither excusable nor justifiable and is therefore manslaughter. Section 12-2715, NDRC 1943; State v. Tjaden, supra. The commission of the misdemeanor of reckless driving as an element of the greater crime of manslaughter in the first degree as charged in the complaint need not be established to an absolute certainty or beyond a reasonable doubt. If it appears that there is a probability that the misdemeanor of reckless driving was being committed at the time of the accident that element of the crime charged has been sufficiently established to meet the requirements of proof at a preliminary hearing.

■ When the testimony of the witnesses Klein and Heintzelman is considered in the light of all of the circumstances surrounding the death of Richard Jorstad it is sufficient to warrant the magistrate in reaching the conclusion that a public offense appeared to have been committed and that there was sufficient cause to believe the defendant guilty of that offense. The district court therefore committed no error in quashing and vacating the writ of certiorari. The order appealed from is affirmed.

GRIMSON, C. J., and SATHRE, JOHNSON and BURKE, JJ., concur.