**STATE of North Dakota, Plaintiff and Appellee,**

**v.**

**Steven SKAR, Defendant and Appellant.**

**Crim. No. 779.**

Supreme Court of North Dakota.

Dec. 22, 1981.

Larry E. Stern, Asst. State's Atty., Fargo, for plaintiff and appellee; argued by Robert G. Hoy, Asst. State's Atty., Fargo.

Lanier, Knox & Olson, Fargo, for defendant and appellant; argued by Kenneth Olson, Fargo.

PAULSON, Justice.

This is an appeal by defendant-appellant, Steven Skar, from an order of the District Court of Cass County denying a writ of

certiorari sought by Skar to overturn an order of the Cass County Court of Increased Jurisdiction binding Skar over for trial following a preliminary hearing conducted pursuant to Rule 5.1, NDRCrimP. We affirm.

On January 15, 1981, at about 1:00 a. m., Mary McMaines and Daniel Nielson were passengers in an automobile driven by their friend, Steven Skar. While driving on Cass County Highway 15 in a rural area approximately one-half mile north of Interstate 94, Skar gunned the engine, causing the vehicle to spin around and stall. The vehicle came to rest across the road.

Attempts to restart the vehicle were unsuccessful and the passengers suggested that Skar go for help. The weather was windy and cold, with temperatures near five degrees below zero. The closest farmstead to the stalled vehicle, the Thompson home, was approximately 500 feet away. The next closest farmstead was approximately one mile by road or approximately one-half mile across a field. The city nearest the stalled vehicle was Mapleton, approximately one-half mile north and two miles west.

Skar left the vehicle to get help. Mary McMaines testified that she was unable to see where Skar went because the hood of the vehicle had been left up. Skar was not seen again that night by either of his companions.

At one o'clock that morning Mrs. Charles Thompson was retiring for the night when she heard a vehicle start in the garage attached to her home. She ran and opened the back door and saw the family GMC pickup being backed out of the garage. She alerted her husband, and called the sheriff's office. Charles Thompson ran out to the garage and saw the taillights of a vehicle going north on Cass County 15.

Thompson tried to give chase in his car. When he pulled out of his driveway onto Cass County 15, Thompson came upon Skar's stalled vehicle partially blocking the road. Nielson and McMaines still occupied the car. Thompson asked Nielson which way his pickup had been traveling, and Nielson pointed up Cass County 15 in a northerly direction. Thompson drove north to the crossroads leading to Mapleton and, seeing no vehicle lights, returned home to wait for the sheriff's deputies.

Nielson testified that prior to his conversation with Thompson, he had seen a pickup leaving the Thompson farm and believed it was the farmer coming to help them. Nielson watched the pickup leave the farmstead, quickly pass the stalled vehicle, and proceed north on Cass County 15. He was unable to see who was the driver of the pickup.

After the conversation with Thompson, Nielson and McMaines remained in the stalled vehicle approximately 30 minutes before seeking shelter for the night. As they left the stalled vehicle, Nielson told McMaines they should not go to the Thompson farm for help but, rather, they should go to a farm further away.

The deputy who was called to the Thompson farm found, in the stalled vehicle, a traffic citation issued to Skar. The deputy knew that Skar lived in Mapleton so he drove there and found Thompson's pickup on the east edge of town.

Skar was subsequently charged by criminal complaint with burglary of the Thompson garage in violation of § 12.1–22–02, NDCC, and theft of the GMC pickup in violation of § 12.1–23–02, NDCC. A preliminary hearing was held in Cass County Court of Increased Jurisdiction, Honorable Donald J. Cooke presiding, on February 25, 1981. Judge Cooke determined that there was probable cause to bind Skar over for trial. On February 27, 1981, Skar was bound over to district court upon the charge of burglary, and also for the offense of unauthorized use of a motor vehicle in violation of § 12.1–23–06, NDCC. This second offense was, essentially, a reduction of the theft of property charge.

Prior to his arraignment Skar petitioned the district court for a writ of certiorari, arguing the county court had exceeded its jurisdiction by binding Skar over for trial because there was insufficient evidence of

the crimes charged to find probable cause to bind Skar over for trial in district court. The district court denied the writ of certiorari and Skar, on certiorari, seeks to have the Supreme Court vacate and set aside the proceedings and the order of the Cass County Court of Increased Jurisdiction binding Skar over for trial.

## ISSUES

WHETHER OR NOT THE CASS COUNTY COURT OF INCREASED JURISDICTION EXCEEDED ITS JURISDICTION IN BINDING DEFENDANT, STEVEN SKAR, OVER FOR TRIAL.

■ In *State v. Morrissey*, 295 N.W.2d 307, 309 (N.D.1980), this court determined that North Dakota statutory law provides for an appeal from an order denying a writ of certiorari. A writ of certiorari is described in § 32–32–01, NDCC, as a "special proceeding." *State v. Morrissey, supra*, at 309, states that " 'special proceedings' such as certiorari are civil, not criminal actions." Because of this distinction between the proceedings upon the writ of certiorari and the criminal action, our scope of review upon the writ differs from a review upon appeal of the criminal case. *Compare* Chapter 32–33, NDCC, and Chapter 29–28, NDCC.

The rule for granting a writ of certiorari is stated in § 32–33–01, NDCC:

"When and by whom writ of certiorari granted.—A writ of certiorari shall be granted by the supreme court or district court when an officer, board, tribunal, or inferior court has exceeded the jurisdiction of such officer, board, tribunal, or inferior court, as the case may be, and there is no appeal, nor, in the judgment of the court, any other plain, speedy, and adequate remedy, and also when, in the judgment of the court, it is deemed necessary to prevent miscarriage of justice."

The extent of review upon a writ of certiorari is stated in § 32–33–09, NDCC:

"Extent of Review.—Except as otherwise provided by law, the review upon a writ of certiorari cannot be extended further than to determine whether the infe-

rior court, tribunal, board, or officer has pursued regularly the authority of such court, tribunal, board, or officer."

The key issue for our determination is whether or not the Cass County Court of Increased Jurisdiction exceeded its authority in binding Skar over for trial. Skar argues, essentially, that the evidence was not sufficient to find probable cause to bind him over for trial and, therefore, the Cass County Court of Increased Jurisdiction exceeded its jurisdiction when it bound him over for trial. We do not agree with this argument, however, because it requires us to review the sufficiency of the evidence sustaining a probable cause determination under the guise of a review of the court's exercise of its jurisdiction.

Our review of a writ of certiorari is limited. In *State v. Morrissey, supra,* 295 N.W.2d at 310, this court said:

"Review by certiorari to the district court of an order of a committing magistrate holding a defendant to answer is limited to a determination of whether or not the magistrate exceeded the authority vested in him by the rule. *Green v. Whipple*, 89 N.W.2d 881 (N.D.1958); and *State v. Persons*, 201 N.W.2d 895 (N.D.1972).

.    .    .    .    .

"On appeal from a denial of a writ of certiorari, our standard of review is also limited to the question of jurisdiction as required by § 32–33–09, N.D.C.C. For an appellate court to broaden the scope of review beyond that exercised by the court in which certiorari was sought would be to frustrate the statutory purpose and permit counsel to accomplish by indirection what he cannot do directly."

This court, in *City of Fargo v. Annexation Review Commission*, 148 N.W.2d 338, 351–352 (N.D.1966), quoting from *Baker v. Lenhart*, 50 N.D. 30, 195 N.W. 16, 17–18 (1922), regarding the review of proceedings of inferior tribunals on certiorari, stated as follows:

"The reviewing court has nothing to do with the proceedings before the inferior tribunal, except so far as an examination of such proceedings is necessary for the

determination of the question of its jurisdiction. If such tribunal has regularly pursued its authority, the inquiry stops. Errors of law committed by the inferior court in the exercise of its authority cannot be considered; and in such case, no matter how erroneous the decision may be, even on the face of the record, the reviewing court has no power to change, annul, or reverse it in a proceeding in certiorari."

■ An example illustrates the nature of our review of a denial of a writ of certiorari. A committing magistrate, finding probable cause and binding over a defendant on the basis of no evidence of the defendant having committed the crime charged, or on the basis of irrelevant evidence, would be in excess of his jurisdiction. On the other hand, a committing magistrate who finds probable cause to bind over a defendant on the basis of some relevant evidence does not exceed his jurisdiction.

■ Our review, therefore, of the instant case is not as extensive as that asserted by Skar. This court, on appeal from a denial of a writ of certiorari, will not weigh the evidence. Our review is restricted to whether or not there was some relevant evidence upon which the lower court made its findings of probable cause.

■ In the instant case we believe that the Cass County Court of Increased Jurisdiction did not exceed its jurisdiction in binding Skar over for trial because there was relevant evidence to support its conclusion of probable cause, such as, among other things, the proximity of the stalled vehicle to the Thompson home, the short lapse of time between when Skar left his vehicle and the time the GMC pickup was taken from the Thompson's garage, the finding of the truck near the town where Skar lived, and the fact that Skar's companions did not see him again that night after he left the stalled vehicle. Although the evidence is circumstantial, it involves a series of circumstances which are relevant to the question of whether or not there is probable cause to believe that Skar committed the crimes charged. That no one actually saw

Skar or that someone else could have been in the same area at the same time and could have taken the pickup is an argument for the jury's consideration and not the consideration of this court.

Skar directs our attention to the cases of *Green v. Whipple*, 89 N.W.2d 881 (N.D. 1958), *State v. Persons*, 201 N.W.2d 895 (N.D.1972), and *State v. Morrissey*, 295 N.W.2d 307 (N.D.1980), which involve factual situations similar to the instant case, in which a criminal defendant applied to the district court for a writ of certiorari to review the order of a lower court binding him over for trial. The district court denied the writ and the defendant appealed. In *Green* and *Persons, supra*, the Supreme Court upheld the denial of the writ after reviewing the evidence presented to the magistrate and found it "sufficient" to warrant the bind-over.

More recently, in *State v. Morrissey, supra*, this court found that the denial of a writ of certiorari by the district court was appealable, and stated that the extent of our review "is limited to whether or not the committing magistrate exceeded his authority in binding over Morrissey for trial." *State v. Morrissey, supra*, at 310. We reviewed the evidence which formed the magistrate's basis for the finding of probable cause but explained our reason for the extent of our review at page 313 as follows:

"We affirm the order denying writ of certiorari and affirm the magistrate's decision that probable cause existed to bind Morrissey over for trial. We have discussed the merits of Morrissey's claim in order to prevent strategic tactics of counsel from bringing this case before this court a third time prior to bringing it to trial."

We believe that our holding in the instant case is consistent with *Green, Persons*, or *Morrissey, supra*, except to the extent that, in the instant case, we seek to clarify the limitations on our review of a denial of a writ of certiorari, problems which may have arisen by inference resulting from our discussion of the merits of those three cases.

In finding the evidence sufficient to bind over the defendants in *Green, Persons* and *Morrissey*, we were, essentially, finding that there was evidence on which the magistrate could make a probable cause determination. Our discussion of the merits of the defendant's claim and the extent to which we reviewed the sufficiency of the evidence was to prevent tactics of counsel from bringing these cases before this court again prior to bringing them to trial. Although this purpose was not specifically expressed in *Green* and *Persons*, the above quoted statement in *Morrissey* reflects our thoughts with respect to the tactical uses of a writ of certiorari, such thought resulting from cases like *Persons* and *Green.* [1]

For the reasons stated above we affirm the order denying writ of certiorari.

ERICKSTAD, C. J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.

---

1. Skar directs our attention to *State v. Nordquist*, 309 N.W.2d 109, 116 (N.D.1981), where we said, citing *State v. Morrissey*, 295 N.W.2d 307 (N.D.1980), that we believe the proper procedure to challenge an order of the court denying a motion to dismiss the indictment was by application to this Court for a writ of certiorari. However, the extent to which *Nordquist* cites *Morrissey* is limited by our holding in the instant case. The statement in *Nordquist* is not to be interpreted as a rule enabling indicted defendants in all cases to apply to this Court for a complete de novo review of the sufficiency of the evidence which supported their indictment by a grand jury. We stated in *Nordquist*, at page 116, "that on assertion that the evidence heard by a grand jury was not sufficient to support an indictment serves as a limited ground for challenging the indictment."

The *Nordquist* opinion stated, at page 115, "to protect the citizens of this State from the burdens of defending themselves against criminal charges unless sufficient competent evidence indicates that citizen or citizens must be held to answer for an offense" and to "protect against abuses of the secrecy inherent in grand-jury proceedings a determination by the court as to whether or not the statutory standard has been met is implicit in Sections 29–10.1–26 and 29–10.1–33."

We note that the proceedings involved in the instant case do not involve the "secrecy inherent in grand jury proceedings" and, therefore, the protections suggested by *Nordquist* are not controlling in the instant case.

We note that in *Nordquist* the defendant did not argue the sufficiency of the evidence at trial. With respect to that fact we stated, at page 116:

"There would be little logic in reversing a conviction because the evidence necessary to support an indictment was lacking when, on appeal, it is conceded that the evidence necessary for conviction was introduced at the trial."

However, this is not the situation in the instant case. Skar has yet to be tried for the crimes charged.