Jason SIVERTSON, Plaintiff
and Appellant,

v.

William McLEES, Jr., McKenzie County
Judge, Defendant and Appellee.

Civ. No. 11405.

Supreme Court of North Dakota.

June 24, 1987.

Schoppert Law Firm, New Town, for plaintiff and appellant; argued by Thomas K. Schoppert.

Dennis E. Johnson, States Atty., Watford City, for defendant and appellee.

ERICKSTAD, Chief Justice.

Jason Sivertson appeals from a district court order denying his application for a writ of certiorari. We affirm.

Sivertson was arrested and charged with theft of property under Section 12.1–23–02(3), N.D.C.C., a Class C felony, for knowingly receiving, retaining, or disposing of stolen property exceeding $500 in value, with intent to deprive the owner thereof. Sivertson requested and received a preliminary hearing, pursuant to Rule 5.1, N.D.R. Crim.P., following which the county court found probable cause to bind over Sivertson to trial in the district court.

Prior to his arraignment Sivertson filed an application in the district court for a writ of certiorari, asserting that the county court had exceeded its jurisdiction in binding him over for trial because there was insufficient evidence to support a probable cause determination. The district court, concluding that the issue of insufficiency

of evidence should be resolved at a trial on the merits, determined that it had no jurisdiction to vacate the county court's order. Consequently, the district court issued an order denying Sivertson's application for a writ of certiorari.

■ Rule 5.1, N.D.R.Crim.P, requires a magistrate at a preliminary examination to hold the defendant for trial "[i]f it appears from the evidence that there is probable cause to believe that an offense has been committed and that the defendant committed it." If the defendant who is bound over for trial believes that the county court has exceeded its jurisdiction in making a finding of probable cause, he can secure a review of the probable cause finding by petitioning the district court for a writ of certiorari. *State v. Goetz*, 312 N.W.2d 1 (N.D.1981). The district court's review is limited to a determination of whether or not the county court exceeded its jurisdiction in binding over the defendant for trial, and on appeal from the district court's denial of the writ of certiorari our standard of review is also limited to the question of whether or not the county court exceeded its jurisdiction. *State v. Morrissey*, 295 N.W.2d 307 (N.D.1980). In *State v. Skar*, 313 N.W.2d 746 (N.D.1981), we explained the nature of our review of a denial of a writ of certiorari under these circumstances:

> "A committing magistrate, finding probable cause and binding over a defendant on the basis of no evidence of the defendant having committed the crime charged, or on the basis of irrelevant evidence, would be in excess of his jurisdiction. On the other hand, a committing magistrate who finds probable cause to bind over a defendant on the basis of some relevant evidence does not exceed his jurisdiction.
>
> "... This court, on appeal from a denial of a writ of certiorari, will not weigh the evidence. Our review is restricted to whether or not there was some relevant evidence upon which the lower court made its findings of probable cause."
> 313 N.W.2d at 749.

■ The district court was incorrect in its conclusion that it did not have jurisdiction to review the county court's probable cause finding to determine whether or not the county court exceeded its jurisdiction. Nevertheless, we conclude that the district court appropriately denied the application for a writ of certiorari.

■ There was evidence at the preliminary hearing that stolen goods, more specifically a television and radio, were found in a trailer house owned by Sivertson's grandfather in which Sivertson was residing and that additional stolen property, also owned by the same victims, was found at a junkyard owned by Sivertson's grandfather which was located "south of" and "near" the trailer house. There was also evidence that the total value of the property found at the two locations exceeded $500, the value of property required to be received, retained, or disposed of to constitute the offense charged.

Sivertson asserts that there is no evidence which connects him to the stolen property located at the junkyard. We disagree. An inference that Sivertson was involved with that property can be deduced from evidence introduced at the hearing showing that the stolen property at the junkyard was owned by the same victims as the stolen property found in Sivertson's residence and that the junkyard, which was owned by Sivertson's grandfather, was located in close proximity to Sivertson's residence.

We conclude that the county court did not exceed its jurisdiction, because there was some evidence to support its probable cause finding. Accordingly, the order of the district court denying the application for a writ of certiorari is affirmed.

VANDE WALLE, LEVINE, MESCHKE and GIERKE, JJ., concur.