Robert SCHIERMEISTER, Petitioner and Appellant,

v.

Honorable Burt L. RISKEDAHL, Burleigh County Judge, Respondent and Appellee.

Civ. No. 890087.

Supreme Court of North Dakota.

Dec. 20, 1989.

Chapman and Chapman, Bismarck, for petitioner and appellant; argued by Daniel J. Chapman.

Patricia L. Burke, State's Atty., Bismarck, for respondent and appellee.

LEVINE, Justice.

Robert Schiermeister appeals from a district court order denying his petition for a writ of certiorari. We affirm.

Schiermeister was charged with gross sexual imposition under NDCC § 12.1-20-03. Only one witness, the investigating officer, Timothy Turnbull, testified at the preliminary hearing. His testimony consisted primarily of statements made to him by the victim, a nine-year-old girl (hereafter Alice, a pseudonym), and statements made to him by Schiermeister. The county court judge found probable cause to bind Schiermeister over for trial. Schiermeister then filed a petition in district court for a writ of certiorari, asserting that the county court exceeded its jurisdiction in binding him over for trial. He appeals from a denial of that petition.

A defendant who is bound over for trial can secure review of a county court's probable cause finding in alleged excess of its jurisdiction by petitioning the district court for a writ of certiorari. *Sivertson v. McLees*, 407 N.W.2d 799, 800 (N.D.1987). The district court's review is limited to a determination whether the county court exceeded its jurisdiction by binding over the defendant for trial. *Id.* On appeal from the district court's denial of the writ of certiorari, we are also limited to the question whether the county court exceeded its jurisdiction. *Id.*

A magistrate exceeds his jurisdiction when his probable cause finding to bind over a defendant is based on either no evidence that the defendant committed the offense or on irrelevant evidence. *State v. Skar*, 313 N.W.2d 746 (N.D.1981). On review, this Court does not weigh the evidence but simply ascertains whether there was some relevant evidence upon which the magistrate found probable cause. *Id.* at 749.

Schiermeister advances three arguments on appeal. First, he asserts that the probable cause determination was based on hear-

say evidence in whole or in part, in violation of Rule 5.1 of the North Dakota Rules of Criminal Procedure. Second, he argues that the evidence before the magistrate, including the hearsay testimony, was insufficient to establish that a crime had been committed. Finally, he argues that because the State did not produce the complaining witness at the preliminary examination, he was denied the right to cross-examine "persons testifying against him."

■ Rule 5.1(a), NDRCrimP, requires a magistrate at a preliminary hearing to hold the defendant for trial "[i]f it appears from the evidence that there is probable cause to believe that an offense has been committed and that the defendant committed it." Rule 5.1(a), NDRCrimP, also provides that "evidence that would be inadmissible at trial" is nonetheless admissible at the preliminary examination. We have recognized that hearsay evidence is admissible in a preliminary examination because "[e]vidence which establishes probable cause is not necessarily evidence which would convict at trial." *State v. Morrissey*, 295 N.W.2d 307, 311 (N.D.1980). However, we have not previously determined to what extent a finding of probable cause in the preliminary hearing may be based upon hearsay.

We note at the outset that the testimony of Officer Turnbull was not all hearsay. The statements of Schiermeister related by the officer are admissions, recognized as an exclusion from the hearsay rule by Rule 801(d)(2) of the North Dakota Rules of Evidence. *See State v. Demery*, 331 N.W.2d 7, 13 (N.D.1983). Because not all the evidence before the magistrate was hearsay, we need not address that part of Schiermeister's argument which asserts that a finding of probable cause at a preliminary examination may not be based wholly upon hearsay.

In support of his argument that probable cause may not be based upon hearsay even in part, Schiermeister invites us to abandon our conclusion in *Morrissey, supra*, approving the use of hearsay in a preliminary examination. He urges us to compare North Dakota's Rule 5.1, NDRCrimP, with

its federal counterpart. The federal rule specifically provides: "The finding of probable cause may be based upon hearsay evidence in whole or in part." Fed.R. Crim.P. 5.1(a). The North Dakota rule includes no comparable language. Schiermeister argues that if the drafters of our rule had intended that probable cause could be based on hearsay, they would have adopted the quoted language from the federal rule.

According to the explanatory note appended to NDRCrimP 5.1, our rule "tracks with" the federal rule with only one exception. NDRCrimP 5.1 Explanatory Note. "The exception is the provision which requires that a finding of probable cause shall be based upon substantial evidence; the [North Dakota] Rules Committee found this provision to be unnecessary and undesirable." *Id.* The explanatory note does not characterize as a second exception to the federal rule the absence of language authorizing the hearsay basis for probable cause.

We have traced our rule back to its drafting by the Joint Committee of the North Dakota State Bar Association and Judicial Council on Rules of Criminal Procedure. The language of the current rule was adopted by the Joint Committee January 29, 1972, and presented to this court July 24, 1973. Although Rule 5.1(a) was adopted by the court as proposed, the explanatory note was not. As proposed to this court, the explanatory note read in pertinent part:

"Subdivision (a) is an adaptation of the proposed amendment to Rule 5.1 [48 F.R.D. 567 (1970)] and tracks with the proposed Federal Rule, with two exceptions: *the first is the provision which permits the finding of probable cause based upon hearsay in whole or in part, which provision was not included in the North Dakota Rules because it was decided that the propriety of relying upon hearsay at the preliminary examination has been a matter of some uncertainty in the Federal system and does not conform to the prevailing practice in this State."* NDRCrimP 5.1

explanatory note (Proposed Official Draft 1973). (Emphasis added.)

When the proposed rules were adopted by this court on August 17, 1973, the underscored language in the explanatory note was deleted. We have been unable to determine why this was done. Consequently, we construe the rule as it was adopted and look to the language of the explanatory note, also as adopted, to aid our construction.

It is clear to us that the rule, as it now stands, and as it has been construed, contemplates the admission of hearsay evidence at the preliminary examination. *State v. Morrissey, supra,* 295 N.W.2d at 311. The explanatory note, by referring to only one difference between our rule and the federal rule, namely, the federal rule's requirement of substantial evidence, supports the construction that our rule authorizes the admission of hearsay, as does the federal rule. It would be ludicrous that a magistrate who may receive evidence that would be inadmissible at trial, such as hearsay evidence, is foreclosed from basing, at least in part, a probable cause determination upon it. We therefore abide by our conclusion in *Morrissey* that Rule 5.1, NDRCrimP, authorizes both the admission of hearsay and reliance upon hearsay in determining probable cause to bind over a defendant for trial.

■ Schiermeister next argues that the evidence was insufficient to support the magistrate's belief that an offense has been committed. *See* NDRCrimP 5.1; *Morrissey, supra,* 295 N.W.2d at 311 [probable cause exists when facts, circumstances and reasonably trustworthy information warrant a person of reasonable caution to believe an offense has been committed].

Alice told Officer Turnbull that Schiermeister had "molested her." She explained that she meant "he had rubbed around my private spots." When questioned further, she told the officer that by "private spots," she meant her vagina. She indicated that the defendant had touched her inside her clothing. She also stated that Schiermeister had rubbed her chest.

Schiermeister argues that Alice's statement that he "rubbed around my private spots" and touched her on the chest do not establish probable cause to believe an offense has been committed. He asserts that the "sexual contact" prohibited by NDCC § 12.1–20–03(2)(a) requires a touching *on* the sexual or other intimate parts of the victim. Touching "around" them, he says, is not enough. We disagree.

Section 12.1–20–02(4), NDCC, defines sexual contact as *"any touching of the sexual or other intimate parts of the person* for the purpose of arousing or satisfying sexual or aggressive desires." NDCC § 12.1–20–02(4) (1988) (emphasis added). In *State v. Brown,* 420 N.W.2d 5 (N.D. 1988), we upheld a gross sexual imposition conviction where the defendant "patted and poked at [the victim's] 'private area'" through the victim's clothing. *Id.* at 6. There, we held that "'sexual contact' occurs even though clothing is interposed between the 'sexual or other intimate part' and the offender." *Id.* at 7. Thus, we have held that sexual contact includes a touching over or above the sexual or other intimate part of the victim even though the contact is not direct, but, rather, diffused through clothing.

We believe that Alice's statements are sufficient to establish probable cause to believe the commission of the offense of gross sexual imposition. In anyone's lexicon, let alone a nine-year-old child's, "rubbing around" is a fair equivalent of "touching of." We doubt Roget has a more succinct synonym for "intimate parts" than "private spots."

Beyond that, Schiermeister's admissions, although intended by him to be exculpatory, augment Alice's statements. When questioned by Turnbull, Schiermeister stated that "he put his hands inside her sweatpants, he also stated he didn't think she had any underpants on or he would have seen them." The officer asked him "about a hand going up under her shirt and he stated that it did." Schiermeister admitted to the officer that "he had screwed up and had done something wrong." When asked why he put his hands inside the victim's

pants, Schiermeister said to the officer, "I don't know, it was stupid." He denied, however, touching Alice's vagina or receiving gratification from the contact. He stated, "I just knew it was wrong."

 Schiermeister's admissions of touching Alice inside her sweatpants and having his hand under her shirt provide additional evidence for a finding of probable cause that he has committed the offense of gross sexual imposition. Schiermeister argues that his denial that he received gratification from the sexual contact negates the offense. In *State v. Jenkins*, 326 N.W.2d 67 (N.D.1982), we held that it may be inferred from the details of the incident that the touching was done for the purpose of arousing or gratifying sexual desire. Recognizing that introspective confession is rare, we said, "The very nature of determining whether or not certain acts were done to arouse or satisfy a sexual desire, or that they did, can be determined primarily from the acts themselves as distinguished from outright admission." *Id.* at 72. From the details of the incident, the admissions of Schiermeister and his acknowledgment that what he had done was wrong and stupid, the magistrate could draw the inference that the touching was for the purpose of gratifying or arousing sexual desire. We conclude that there was relevant evidence to support the magistrate's determination that there was probable cause to believe an offense had been committed and that the defendant committed it. Accordingly, the magistrate did not exceed his jurisdiction in binding over Schiermeister for trial.

 Finally, Schiermeister complains that the failure of the complaining witness to testify at the preliminary hearing deprived him of a valuable "tool of discovery." He disclaims any constitutional entitlement to cross-examine the complainant at the preliminary hearing but instead seems to argue that Rule 5.1, NDRCrimP, is the source of his right to cross-examine the complaining witness. So it is, if the complaining witness testified against him. She didn't so it isn't. We deem his argu-

ment on this issue to be wholly unconvincing.

Accordingly, for the reasons stated, we affirm the district court order denying the petition for writ of certiorari.

ERICKSTAD, C.J., and MESCHKE and GIERKE, JJ., concur.

VANDE WALLE, J., I concur in the result.