STATE of North Dakota, Plaintiff
and Appellee,

v.

John David HAGENSEN, Defendant
and Appellant.

Cr. No. 920177CA.

Court of Appeals of North Dakota.

March 22, 1993.

Stephen R. Dawson (argued), Asst. State's Atty., Fargo, for plaintiff and appellee.

Steven D. Mottinger (argued), Fargo, for defendant and appellant.

DONALD L. JORGENSEN, District Judge.

John David Hagensen appeals from a judgment of conviction entered upon a jury verdict finding him guilty of gross sexual imposition. We affirm.

In the early morning hours of June 28, 1991, A.W. ["Amy," a pseudonym], a fourteen-year-old girl, was babysitting John Hagensen's two young children. When John and his wife Ellen returned home at approximately 2:00 a.m., Amy was sleeping on the living room floor. Amy testified that she heard Ellen go upstairs to check on one of the children, and that John came and sat next to her and touched her on her chest and pubic region.

John was charged with gross sexual imposition. The jury returned a verdict of guilty, and judgment of conviction was entered. John appeals.

John asserts that the evidence is insufficient to support the verdict on two grounds. He asserts that Amy's testimony was not specific enough to establish that sexual contact had occurred, and that Amy failed to specifically identify him as the person who had touched her.

■ Appellate review of the sufficiency of the evidence to support a jury verdict is extremely limited. The appellate court is not to "weigh the evidence, resolve conflicts in the evidence, or judge the credibility of the witnesses; those are matters properly left to the province of the trier of

fact." *State v. Wright,* 470 N.W.2d 594, 596 (N.D.1991). We are to look only to the evidence most favorable to the verdict, and the reasonable inferences therefrom, to see if there is substantial evidence to warrant a conviction. *State v. Wright, supra,* 470 N.W.2d at 596.

■ John was charged with violating Section 12.1–20–03(2)(a), N.D.C.C.:

"2. A person who engages in sexual contact with another ... is guilty of an offense if:

"a. The victim is less than fifteen years old; ..."

"Sexual contact" is defined at Section 12.1–20–02(4), N.D.C.C.:

"4. 'Sexual contact' means any touching of the sexual or other intimate parts of the person for the purpose of arousing or satisfying sexual or aggressive desires."

John argues that the State failed to establish sexual contact, because there was no "specific testimony that there was touching of the breast or genitalia."

The North Dakota Supreme Court has rejected the notion that the State must introduce specific evidence of contact with the breasts or genitalia to prove sexual contact. In *Schiermeister v. Riskedahl,* 449 N.W.2d 566, 569 (N.D.1989), a young victim testified that Schiermeister had "rubbed around [her] private spots," had touched her inside her clothing, and had rubbed her chest. The court rejected Schiermeister's contention that testimony that he "rubbed around" the victim's "private spots" was insufficient, and that the evidence had to show a touching *on* the sexual or other intimate parts of the victim. *Schiermeister, supra,* 449 N.W.2d at 569. The court held that "rubbing around" is a fair equivalent of "touching of," and that "private spots" was synonymous with "intimate parts." *Schiermeister, supra,* 449 N.W.2d at 569.

Similarly, in *State v. Brown,* 420 N.W.2d 5, 6 (N.D.1988), a young victim testified that the defendant had "patted and poked at her 'private area'" through her clothing. Rejecting the defendant's assertion that contact through clothing did not constitute "touching" under the statute, the North Dakota Supreme Court upheld a gross sexual imposition conviction based upon the victim's testimony.

Viewed in the light most favorable to the verdict, the evidence in this case establishes "sexual contact" under the rationale of *Schiermeister* and *Brown.* Amy testified that John touched her over her clothes and placed his hand inside her jeans, inside her underwear, and touched her bare skin in the pubic region. Using an exhibit depicting a line drawing of a young girl, Amy marked the areas where John had touched her. This evidence was sufficient to permit the jury to draw an inference that John had touched Amy's "sexual or other intimate parts."

■ John also asserts that the evidence failed to specifically identify him as the person who had touched Amy. He bases this assertion on Amy's testimony that she was lying on the floor facing away from her assailant, and did not see his face or hear his voice while the assault was taking place.

There is overwhelming circumstantial evidence which indicates that, if the assault in fact occurred, John was the assailant. Amy testified that when John and Ellen came home, one of them went upstairs and the other then sat next to Amy and touched her. Amy admitted that she was too frightened to turn around while the touching was taking place, and therefore did not see or hear her assailant. However, she testified that she was certain that it was a man's hand, and that when the touching stopped, she heard someone coming down the stairs. She turned to see Ellen and John both standing near the bottom of the stairs.

Ellen Hagensen testified that, when she and John returned home, she went upstairs to check on one of the children and John remained downstairs. When she came back downstairs a few minutes later, she met John at the bottom of the stairs. Amy then hurriedly left the apartment. Ellen confirmed that the only people present in

the apartment were John, Amy, the two small children, and herself, and she denied that she had touched Amy. There was sufficient evidence from which the jury could conclude that John was the individual who had touched Amy.

We conclude that there is substantial evidence to support the verdict. The judgment of conviction is affirmed.

RALPH J. ERICKSTAD, Chief Surrogate Judge, and VERNON R. PEDERSON, Surrogate Judge, concur.