Eric HINKEL and Craig Hinkel, Plaintiffs and Appellants,

v.

Frank L. RACEK, Defendant and Appellee.

Civ. No. 930376.

Supreme Court of North Dakota.

March 30, 1994.

Ralph A. Vinje of Vinje Law Firm, Bismarck, for plaintiffs and appellants.

David D. Hagler, Asst. State's Atty., Fargo, for defendant and appellee.

LEVINE, Justice.

Eric Hinkel and Craig Hinkel appeal from a district court order denying their petition for a writ of certiorari. We affirm.

Eric Hinkel and Craig Hinkel were charged with manufacturing or possessing with intent to manufacture or deliver a controlled substance. During a search of an apartment, police found marijuana-growing paraphernalia and several marijuana plants. Only one witness, one of the investigating officers, Gordon Olson, testified at the preliminary examination. Olson testified that the officers also "found several items of indicia in there, their mail, statements and so on, that bore the names of the Hinkels" and "several items [of clothing] that were consistent with male adults[,] ... no children's clothing, no female clothing."

Following the preliminary examination, *see* NDRCrimP 5.1, the magistrate found probable cause that the alleged offense had been committed and that Eric Hinkel and Craig Hinkel had committed it. The Hinkels petitioned the district court for a writ of certiorari, arguing that the magistrate had exceeded his jurisdiction by finding probable cause without sufficient evidence. The district court denied the petition and the Hinkels appealed.

For purposes of this appeal, the Hinkels concede that there is probable cause to believe that the alleged offense has been committed, and argue only that the evidence linking the Hinkels to the apartment is insufficient to support a finding of probable cause that the Hinkels committed the alleged offense.

■ Our review of a district court's denial of a petition for a writ of certiorari is limited to the question of whether the magistrate exceeded his or her jurisdiction. *E.g., Schiermeister v. Riskedahl,* 449 N.W.2d 566, 567 (N.D.1989). A magistrate exceeds his or her jurisdiction when the magistrate bases a finding of probable cause that a defendant committed the alleged offense on no evidence or on irrelevant evidence. *Id.* We do not weigh the evidence, but simply ascertain whether there was some relevant evidence to support the finding of probable cause. *Id.*

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." NDREvid 401; *e.g., State v. Biby,* 366 N.W.2d 460, 463 (N.D.1985). The trial court has discretion to determine whether evidence is too remote to be relevant. *Biby, supra* at 463.

The Hinkels argue that no relevant evidence existed for the magistrate to find probable cause that they committed the alleged offense and, alternatively, urge us to change our standard of review from whether "some relevant evidence" existed to whether "substantial relevant evidence" existed to find probable cause.

■ The Hinkels contend that the officer's testimony about finding "their mail," bearing the Hinkels' names, was irrelevant to whether the Hinkels occupied the apartment and thus committed the alleged offense. They point out that the officer did not testify about the dates on the mail, the mailing addresses, the location of the mail in the apartment, or the identities of the senders or their return addresses. They also ask us to consider the possibility that the mail was stolen. The Hinkels ask us to infer not the ordinary—that mail found in an apartment may indicate the apartment's occupants, but the extraordinary. Although we might agree that the officer's testimony was skinny evidence that the Hinkels occupied the apartment, we conclude that it was "some relevant evidence" on which the magistrate could base his finding of probable cause. *See Sivertson v. McLees,* 407 N.W.2d 799, 800 (N.D.1987) [concluding that evidence which allowed inference that defendant was involved with stolen property constituted "some relevant evidence"]; *State v. Skar,* 313 N.W.2d 746, 749 (N.D.1981) [concluding that circumstantial evidence constituted "some relevant evidence": "That no one actually saw Skar or that someone else could have been in the same area at the same time and could have taken the pickup is an argument for the jury's consideration and not the consideration of this court"].

We decline the Hinkels' request that we change our standard of review to whether

"substantial relevant evidence" existed to support a finding of probable cause. Rule 5.1, NDRCrimP, governs preliminary examinations. The explanatory note to that rule explains the reasons for the deliberate omission of a provision that would have required that a finding of probable cause be based on substantial evidence: "[T]he Rules Committee found this provision to be unnecessary and undesirable. The language of the Rule tracks existing case law on the subject." We note that the drafters of the federal rule, which is substantively identical to the North Dakota rule, also considered and rejected a "substantial evidence" provision. *Compare* Fed.R.Crim.P. 5.1 [excluding "substantial evidence" provision] *with Preliminary Draft of Proposed Amendments to the Federal Rules of Criminal Procedure for the United States District Courts,* 48 F.R.D. 553, 567–73 (1970) [containing "substantial evidence" provision]. We are satisfied that our current standard of review is in keeping with the requirements of NDRCrimP 5.1.

Affirmed.

VANDE WALLE, C.J., and NEUMANN, SANDSTROM and MESCHKE, JJ., concur.