PER CURIAM.
Appellant, State of Florida, takes this appeal from an order dismissing an information charging appellee-defendant, Francis Pineau Antel, in three courts with uttering a forgery. We reverse.
On December 12, 1974, appellee-defend-ant, Francis Pineau Antel, was charged by information in three counts with uttering a forgery. After defendant was arrested on these charges, he was taken before a magistrate and ordered released on his own recognizance. A preliminary hearing was held on April 11, 1975 to determine if probable cause existed for holding the defendant for trial. The state declined to present evidence at the preliminary hearing on the issue of probable cause. The trial court thereupon entered an order dismissing the information. It is from this order that the state appeals.
In Gerstein v. Pugh, 420 U.S. 103, 95 S. Ct. 854, 43 L.Ed.2d 54 (1975), the United States Supreme Court determined that the fourth amendment requires a judicial determination of probable cause as a prerequisite to an extended restraint on *77 liberty following arrest. Rule 3.131 Fla. RCrP governing preliminary hearings was thereafter amended to conform with the holding in Gerstein v. Pugh. Rule 3.-131(a)(2) Fla.RCrP (effective March 31, 1975) provides that a defendant who has been released from custody before a probable cause determination is made may file a written motion for a nonadversary probable cause determination. The motion shall set forth with specificity items of significant restraint on the defendant’s liberty.
Rule 3.131(a)(4) Fla.RCrP (effective March 31, 1975) further provides that where the magistrate determines that no probable cause exists, but an information has been filed against the defendant, the magistrate shall release the defendant on his own recognizance subject to the condition that he appear at all court proceedings or release the defendant under summons to appear before the appropriate court at a time certain.
Turning to the instant case, it is apparent that the procedures outlined by Rule 3.131(a)(2) Fla.RCrP were not adhered to by the trial court. Even if such procedures were followed by the the trial court, under no circumstances does Rule 3.-131(a)(4) authorize the trial court, upon a determination that no probable cause exists, to dismiss an information filed against a defendant. Therefore, the trial court erred in dismissing the information herein.
Accordingly, the order of the trial court dismissing the information charging the defendant in three counts with uttering a forgery is reversed and the cause is remanded with directions to reinstate the information and for further proceedings consistent with the views herein expressed.
Reversed and remanded.
CROSS and OWEN, JJ., and FUTCH, M. DANIEL, Jr., Associate Judge, concur.