HOBSON, Acting Chief Judge.
The State appeals an order granting Fred Ballone’s motion to dismiss an information. We reverse.
A trial judge issued a warrant for appel-lee’s arrest for the commission of a felony after determining at a nonadversary hearing that probable cause existed for his arrest. He based his determination on allegations contained within an affidavit submitted by a county sheriff’s department detective. The State arrested appellee pursuant to the warrant and filed an information.
Prior to his arraignment and while free on bond, appellee filed a motion to dismiss the information pursuant to Rule 3.190(b), Florida Rules of Criminal Procedure, on the ground that the trial court lacked jurisdiction over him due to the purported illegality of the arrest, in that the affidavit allegedly failed to establish probable cause. A different trial judge conducted an adversary hearing on appellee’s motion to dismiss. He concurred with appellee that the affidavit failed to establish probable cause and that, as a result, the trial court lacked jurisdiction over him. Thus, he granted the motion.
On appeal, the State asserts that the trial court became vested with jurisdiction over appellee upon the issuance of the arrest warrant after the initial judge’s nonadver-sary probable cause determination. Appel-lee, however, pointing out that an arrest warrant is the procedure by which the trial court acquires jurisdiction, argues that the second judge correctly dismissed the information after determining that the affidavit did not establish probable cause. We reject appellee’s contention.
Subsection (a)(4) of Rule 3.131, Florida Rules of Criminal Procedure, does not authorize a trial judge to dismiss an information upon a determination that no probable cause exists. See State v. Antel, 333 So.2d 76 (Fla. 4th DCA 1976).
An adversary hearing on the issue of probable cause was unwarranted in the case at bar. In Gerstein v. Pugh, 420 U.S. 103, 120, 95 S.Ct. 854, 866, 43 L.Ed.2d 54 (1975), the United States Supreme Court held that the fourth amendment requires a judicial determination of probable cause at a nonad-versary hearing either before or promptly after an arrest as a prerequisite to an extended restraint of liberty following an arrest. The Court declared that an adversary hearing is unnecessary. Id. at 121, 95 S.Ct. at 866.
Rule 3.131 was amended to conform to the Pugh decision. See Antel Subsection (a)(1) of Rule 3.131 provides for a non-adversary probable cause determination by a magistrate prior to the issuance of a warrant for the defendant’s arrest. Upon the issuance of an arrest warrant, the defendant becomes subject to the trial court’s jurisdiction. See Campbell v. Dade County, 113 So.2d 708 (Fla. 3d DCA 1959). The validity vel non of the arrest warrant is immaterial insofar as it regards the trial court’s jurisdiction to proceed with the case. Id.
In the instant case, the first judge, in compliance with the fourth amendment and Rule 3.131, determined at a nonadver-sary hearing that probable cause existed for appellee’s arrest. Appellee became subject to the trial court’s jurisdiction upon the issuance of the arrest warrant.
Accordingly, we reverse the order granting appellee’s motion to dismiss the information and remand for further proceedings not inconsistent with this opinion.
REVERSED and REMANDED.
GRIMES and CAMPBELL, JJ., concur.