2001 ND 200

**Chad Joseph HEICK, Petitioner and Appellant,**

v.

**Ralph R. ERICKSON, Judge of the District Court, East Central Judicial District, and the State of North Dakota, Respondents and Appellees.**

No. 20010212.

Supreme Court of North Dakota.

Dec. 20, 2001.

Mark A. Beauchene, Wold Johnson, P.C., Fargo, N.D., for petitioner and appellant.

Adam Wade Hamm, Assistant State's Attorney, Fargo, N.D., for respondents and appellees.

NEUMANN, Justice.

[¶ 1] Chad Heick appealed from a district court order denying his motion for a writ of certiorari, claiming the court exceeded its jurisdiction in finding probable cause to bind him over for trial on a charge of gross sexual imposition. We hold the trial court did not exceed its jurisdiction, and we affirm.

I

[¶ 2] On June 21, 2000, Heick was living with his fiancee and her younger sister, the eleven-year-old victim in this case. Heick told an investigating officer that in the early morning hours of that day he masturbated in the same room that the victim was sleeping on a sofa a few feet away from him. He also told the officer that after ejaculating into his hand he wiped the semen onto the victim's "face and the blanket." The victim told investigating officers that when she awoke "there was some liquid substance that was in her hair and on her face."

[¶ 3] Heick was charged with committing class B felony gross sexual imposition, in violation of N.D.C.C. § 12.1–20–03(2), by engaging in sexual contact with a minor under fifteen years old.[1] The trial court found probable cause to bind Heick over for trial on the charge. Heick filed an application for a writ of certiorari with the district court, claiming the court exceeded its jurisdiction in finding probable cause, because there was no evidence that Heick had touched the sexual or other intimate parts of the victim. The district court denied the writ, and Heick filed this appeal.

II

A

[¶ 4] Rule 5.1(a), N.D.R.Crim. P., requires the court at a preliminary hearing to hold the defendant for trial "[i]f it appears from the evidence there is probable cause to believe an offense has been committed and the defendant committed the offense." A finding of probable cause at a preliminary hearing does not require that the commission of the offense be established with absolute certainty or beyond a reasonable doubt. *State v. Serr*, 1998 ND 66, ¶ 10, 575 N.W.2d 896. To justify binding over for trial a person accused of a crime, it is only necessary at the preliminary examination that sufficient evidence be introduced to satisfy the judge that a crime has been committed and that the accused is probably guilty. *Id.*

[¶ 5] Our review of a district court's denial of a petition for a writ of certiorari is limited to the question of whether the court exceeded its jurisdiction. *Hinkel v. Racek*, 514 N.W.2d 382, 383 (N.D.1994). We do not weigh the evidence, but simply ascertain whether

---

1. Heick was also charged with violating N.D.C.C. § 12.1–20–03(1)(d), by engaging in a sexual act with the victim. The district court found no probable cause on that count. Heick was charged on a separate incident of violating N.D.C.C. § 12.1–20–03(1)(c), by engaging in a sexual act with an adult knowing that person was unaware that a sexual act was being committed upon her. The district court found probable cause to bind Heick over for trial on that charge, but Heick has not contested that probable cause finding in these proceedings.

there was some relevant evidence to support the finding of probable cause. *Id.*

### B

[¶ 6] Section 12.1–20–03(2)(a), N.D.C.C., defines one type of conduct constituting gross sexual imposition:

A person who engages in sexual contact with another, or who causes another to engage in sexual contact, is guilty of an offense if:

a. The victim is less than fifteen years old. . . .

Under N.D.C.C. § 12.1–20–02(4)[2] the term "sexual contact" is defined as:

. . . any touching of the sexual or other intimate parts of the person for the purpose of arousing or satisfying sexual or aggressive desires.

■ [¶ 7] Heick does not dispute that he touched the hair and face of the victim when he rubbed his ejaculate on her. The prosecutor contends Heick's actions constituted a touching of the victim's "intimate parts," but Heick asserts the hair and face of a person are not intimate parts of the body and, therefore, his conduct was not proscribed by the statute.

[¶ 8] The court, in the exercise of its jurisdiction, construed the statute and concluded touching the face of a person was an act of touching an intimate part of the body which, together with proof of the other elements, constitutes a violation of the law. In finding probable cause, the district court concluded Heick's alleged conduct could have constituted a touching of the victim's intimate parts. The court applied the facts, as supported by the evidence introduced at the preliminary hearing, and found there was probable cause to bind over Heick for trial.

### III

[¶ 9] In reviewing the denial of an application for writ of certiorari, this Court does not delve into the merits of the trial court's decision, but only determines whether the court exceeded its jurisdiction in acting. Section 32–33–09, N.D.C.C., provides:

Except as otherwise provided by law, the review upon a writ of certiorari cannot be extended further than to determine whether the inferior court, tribunal, board, or officer has pursued regularly the authority of such court, tribunal, board, or officer.

The phrase "pursued regularly the authority" is synonymous with "jurisdiction" and, therefore, our review is limited to the sole question of whether the inferior court or tribunal has exceeded its jurisdiction. *Manikowske v. N.D. Workmen's Comp. Bureau*, 373 N.W.2d 884, 886 (N.D.1985).

■ [¶ 10] In affirming the denial of a writ to overturn an order binding over a defendant for trial, this Court explained:

The reviewing court has nothing to do with the proceedings before the inferior tribunal, except so far as an examination of such proceedings is necessary for the determination of the question of its jurisdiction. If such tribunal has regularly pursued its authority, the inquiry stops. Errors of law committed by the inferior court in the exercise of its authority cannot be considered; and in such case,

---

2. The 57th Legislative Assembly amended N.D.C.C. § 12.1–20–02(4), effective August 1, 2001, to provide:

"Sexual contact" means any touching, whether or not through the clothing or other covering, of the sexual or other intimate parts of the person, or the penile ejaculation or ejaculate or emission of urine or feces upon any part of the person, for the purpose of arousing or satisfying sexual or aggressive desires.

This amendment was not in effect when Heick allegedly violated the statute and is not, therefore, applicable to this case.

no matter how erroneous the decision may be, even on the face of the record, the reviewing court has no power to change, annul, or reverse it in a proceeding in certiorari.

*State v. Skar,* 313 N.W.2d 746, 748–49 (N.D.1981) (quoting *City of Fargo v. Annexation Review Commission,* 148 N.W.2d 338, 351–52 (N.D.1966)). The decision whether the facts reach the level of probable cause to bind over a defendant for trial is a question of law. *See State v. Serr,* 1998 ND 66, ¶ 9, 575 N.W.2d 896. The trial court's decision on this issue is appropriately made within the court's exercise of its jurisdiction to bind over a defendant for trial, and an error made by the court in its exercise of this function is not within the scope of review of an application for writ of certiorari.

■ [¶ 11] In concluding a writ of certiorari could not issue on the basis that a small claims court had made an erroneous conclusion of law, this Court explained:

> The test of the jurisdiction of a court is whether or not it had power to enter upon the inquiry; not whether its conclusion in the course of it was right or wrong....
>
> Excess of jurisdiction is to be distinguished from errors of law or of fact committed by the inferior tribunal within the limits of its jurisdiction. Such an error does not constitute an excess of jurisdiction. If a court acts in the exercise of its lawful jurisdiction, and not in excess of such jurisdiction, the mere fact that its conclusion is wrong does not make its action an excess of jurisdiction.

*Kostelecky v. Engelter,* 278 N.W.2d 776, 778 (N.D.1979) (quoting *Baker v. Lenhart,* 50 N.D. 30, 35, 195 N.W. 16, 17 (1922)). Mere error of judgment by a lower tribunal in exercising its power does not constitute excess of jurisdiction. *See State v. Brekke,* 75 N.D. 468, 28 N.W.2d 598, 600 (1947).

IV

[¶ 12] We conclude the district court properly exercised its jurisdiction in construing N.D.C.C. § 12.1–20–02(4) and in finding probable cause to bind Heick over for trial. The questions of whether Heick's actions—the extent of which can undoubtedly be more fully developed at a trial on the merits—constitute a violation of the statute and the proper interpretation of the criminal statute are issues appropriate for decision on a direct appeal from a conviction, not in a proceeding to review the denial of a writ of certiorari. We hold the district court did not act in excess of its jurisdiction in binding Heick over for trial, and we, therefore, affirm the denial of Heick's motion for a writ of certiorari.

[¶ 13] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.