JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Dwayne Davis ("defendant") appeals from the judgment of the trial court finding him guilty of two counts of grand theft in violation of R.C. 2913.02. For the reasons set forth below, we affirm.
 {¶ 2} Defendant was indicted on two counts of grand theft, felonies of the fourth degree, for separate incidents occurring on May 5, 2003 and January 11, 2004 in which he allegedly stole the cars of his friend, Amanda Tucker.
 {¶ 3} Defendant and Ms. Tucker had known one another for approximately a year and a half. The nature of their relationship is in dispute, though defendant claimed the two were romantically involved. Defendant spent a lot of time with Ms. Tucker and was at her home frequently. While defendant was there on May 5, 2003, Ms. Tucker asked defendant to take her car and give the neighbor a ride to the store. Defendant did so and returned shortly thereafter with the car. He then asked Ms. Tucker if he could use her car, but Ms. Tucker said "no." Moments later, Ms. Tucker noticed her car was gone, as were the defendant and her car keys. She looked for the car that day, but was not able to find it. When she eventually located the car, she called the East Cleveland Police Department and they helped her recover her car. Ms. Tucker testified that, although she had allowed defendant to use her car in the past, she did not give defendant permission to take her car when he asked to use it.
 {¶ 4} Regarding the January 11, 2004, incident, Ms. Tucker and defendant were preparing to attend a banquet for Ms. Tucker's grandson and she asked defendant to go out in the driveway and clean out her car. Before long, she realized defendant and the car were gone. The defendant never came back. Ms. Tucker testified she never gave defendant permission to use her car.
 {¶ 5} Defendant disputed Ms. Tucker's characterization of the events in question and said he took Ms. Tucker's car to get it cleaned and to change clothes for the banquet. He stated that he went to change his clothes at his mother's house when he ran into a friend, Rayshon Freeman, who asked to borrow the car to jumpstart his own car. Defendant allowed him to borrow the car, but Mr. Freeman never returned with it.
 {¶ 6} Defendant waived his right to a trial by jury and the matter proceeded to a bench trial. The trial court found defendant guilty of both counts and sentenced him accordingly. It is from these findings that defendant now appeals, asserting two assignments of error for our review.
 {¶ 7} "I. The trial court erred in denying appellant's motion for acquittal as to the charges when the state failed to present sufficient evidence to sustain a conviction."
 {¶ 8} Defendant maintains the trial court erred in denying his Crim. R. 29 motion for an acquittal on the first count of grand theft of an automobile on May 5, 2003 because the state failed to establish venue. He further avers the state failed to establish the necessary elements of grand theft required for a conviction for the January 11, 2004 charge.
 {¶ 9} Crim. R. 29 provides:
 {¶ 10} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses."
 {¶ 11} A motion for acquittal pursuant to Crim. R. 29 is, in essence, a claim of insufficient evidence. When reviewing a challenge to the sufficiency of the evidence, an appellate court must view the evidence in a light most favorable to the prosecution and determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, citing Jackson v. Virginia (1979), 443 U.S. 307. Thus, a reviewing court will not overturn a conviction for insufficiency of the evidence unless it finds that reasonable minds could not reach the conclusion reached by the trier of fact. State v. Treesh,90 Ohio St.3d 460, 2001-Ohio-4.
 {¶ 12} Regarding defendant's claim that venue was not established, we note that pursuant to Section 10, Article I of the Ohio Constitution, a criminal defendant is to be tried in the county in which the offense is alleged to have been committed. Venue is governed by R.C. 2901.12 and, although not a material element of the offense, must be proven beyond a reasonable doubt. State v. Headley (1983), 6 Ohio St.3d 475, citing Statev. Draggo (1981), 65 Ohio St.2d 88. However, venue need not be proved in express terms so long as it is established by the facts and circumstances in the case. State v. Headley, supra at 477 citing State v. Dickerson
(1907), 77 Ohio St. 34, paragraph one of the syllabus. Furthermore, a trial court has broad discretion to determine the facts which would establish venue. Toledo v. Taberner (1989), 61 Ohio App.3d 791, 793.
 {¶ 13} In this case, the facts and circumstances presented prior to the denial of the Crim. R. 29 motion established the alleged crimes took place in Cuyahoga County, Ohio. Ms. Tucker, testified she was living at 13108 Griffing Avenue. Following the May 5th incident, she called the police to report her car stolen. Her testimony references the East Cleveland Police Department and the Cleveland Police Department. The evidence established the East Cleveland Police Department helped her to recover her car. Further, Detective Adams of the Cleveland Police Department was eventually assigned to the case and conducted the investigation that followed. These facts and circumstances establish the alleged crimes were committed within East Cleveland and Cleveland and it cannot be argued that East Cleveland and Cleveland are not within Cuyahoga County. We therefore find venue was sufficiently established and reject defendant's contention.
 {¶ 14} Within this assignment of error, defendant also maintains the evidence against him regarding the remaining count on January 11, 2004 does not rise to the requisite proof necessary to sustain a conviction. We disagree.
 {¶ 15} R.C. 2913.02 provides, in relevant part:
 {¶ 16} "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 {¶ 17} "(1) Without the consent of the owner * * *."
 {¶ 18} Ms. Tucker testified she and defendant were planning to attend a banquet for her grandson. She asked defendant to go out to the driveway to clean out the car and within moments, both the car and defendant were gone. Ms. Tucker never gave permission to defendant to use her car, and in fact needed it that evening for the banquet. Ms. Tucker stated defendant never showed up at the banquet that night, nor did she hear from him. Defendant claimed he ran out of gas. However, despite his knowledge that Ms. Tucker intended only for him to clean the car and she needed it that evening, defendant lent the car to a friend, who never returned it. We find these facts are sufficient to support the charge that defendant, with purpose to deprive Ms. Tucker of her car, knowingly obtained and exerted control over the car without Ms. Tucker's consent.
 {¶ 19} Though defendant argues, in essence, Ms. Tucker's testimony was unconvincing, we note the credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact, who observed the witness in person. State v. Antill (1964),176 Ohio St. 61; State v. DeHass (1967), 10 Ohio St.2d 230. In viewing the evidence in a light most favorable to the prosecution, we find the trial court could have found the essential elements of grand theft beyond a reasonable doubt. We therefore overrule this assignment of error.
 {¶ 20} "II. Appellant's convictions are against the manifest weight of the evidence."
 {¶ 21} In his second assignment of error, defendant contends his convictions are against the manifest weight of the evidence. In support of this contention, defendant complains vaguely the judge erred in finding him guilty, a new trial should be granted and the evidence in this case does not rise to the level which would allow a reasonable factfinder to convict. We note initially that defendant wholly fails to cite any portion of the record supporting these bare allegations.
 {¶ 22} In considering whether a conviction is against the manifest weight of the evidence, the appellate court "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [factfinder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175; see, also, Tibbs v.Florida (1982), 457 U.S. 31.
 {¶ 23} On May 5, 2003, defendant asked to borrow Ms. Tucker's car, to which she responded "no." Moments later, Ms. Tucker realized her car was gone, as were the defendant and her car keys. Ms. Tucker had not heard from defendant, but searched, unsuccessfully, for her car that day.
 {¶ 24} Defendant maintained the car stalled and he attempted to start it again, but was unsuccessful. He stated he filled it with gas the next day and had a conversation with Ms. Tucker about it. He claimed to have left the keys in the glove compartment per Ms. Tucker's instructions.
 {¶ 25} Though there was conflicting testimony in this case, the credibility of witnesses and the weight attributable to their testimony are primarily matters for the trial judge who observed the witness in person. State v. Antill, supra. We cannot say the trial judge lost its way and created a manifest miscarriage of justice in finding defendant guilty of grand theft for the incident on May 5, 2003.
 {¶ 26} Regarding the January 11, 2004 charge, we incorporate by reference the facts adduced in the above assignment of error. That is, that despite his knowledge that Ms. Tucker intended only for him to clean the car, he knowingly obtained and exerted control over her car with purpose to deprive Ms. Tucker of her car. We cannot say the trial court lost its way and created such a manifest miscarriage of justice. We therefore overrule this assignment of error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze Jr., J., and Gallagher, J., concur.