JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Earl Doyle, appeals his conviction after a jury jury found him guilty of aggravated robbery, with a firearm specification; possession of criminal tools; possession of drugs; and having a weapon while under disability. He was sentenced to an aggregate of nine years' incarceration, to be served consecutive to a sentence handed down in another criminal matter. For the reasons that follow, we affirm the decision of the trial court and uphold appellant's convictions.
 {¶ 2} The pertinent facts in this case are as follows. On November 14, 2003 at approximately 2:00 p.m., Nicholas Martin approached appellant to purchase marijuana. Appellant pointed a gun at him and ordered him to hand over his coat, cash, and his car keys, and then hit Martin on the head with the gun. During this exchange, two Cleveland police officers approached the men; Martin informed the officers that he was being robbed, and appellant ran from the scene.
 {¶ 3} After a brief chase, the appellant was apprehended by police. A witness informed the officers on the scene that appellant had thrown what appeared to be a gun into an empty field during the chase. Officers recovered the gun, and the parties stipulated that no fingerprints were found. Cash, two baggies of marijuana, a rock of crack cocaine and the victim's car keys were found on the appellant at the time of his arrest.
 {¶ 4} Appellant now appeals his conviction citing one assignment of error:
 {¶ 5} "I. The weight of the evidence does not support a verdict of guilty for aggravated robbery and possession of criminal tools."
 {¶ 6} The standard employed when reviewing a claim based upon the weight of the evidence is not the same standard to be used when considering a claim based upon the sufficiency of the evidence. Instead, "the [appellate] court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172,175, 485 N.E.2d 717, citing Tibbs v.Florida (1982), 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 752. When a court of appeals reverses a judgment of trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the fact finder's resolution of the conflicting testimony. Thompkins, 78 Ohio St.3d 380, 387, citingTibbs, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661.
 {¶ 7} In the instant case, appellant argues that the testimony of the prosecution's chief witness was suspect and lacked credibility, such that the jury's reliance upon it was misplaced. Nicholas Martin, the victim, is an admitted felon and drug dealer. He testified that He testified that the appellant robbed him at gunpoint, taking his money and car keys. Appellant urges reversal on the grounds that Martin's testimony was not credible. However, the prosecution offered testimony from police officers and from an uninterested passerby which corroborated Martin's testimony. Appellant argues that Martin merely invented the story about a robbery to avoid prosecution for attempting to purchase illegal drugs. However, prosecution witness Graylin Pickett testified that he heard Martin call for help prior to the arrival of the police officers. He further stated that he saw appellant toss a shiny chrome gun over a fence into a field as he ran from police. Even if the jury questioned Martin's credibility because of his checkered past, they could have relied on Pickett's testimony and the statements from the police officers involved in the chase and apprehension.
 {¶ 8} Appellant further argues that the amount of money recovered from appellant did not match the amount Martin testified he carried on that day, and there were no fingerprints on the gun or the money recovered by the police. Yet Martin's car keys were found on appellant's person, and a gun was recovered from the field into which Pickett saw appellant throw it. Moreover, defense counsel had ample opportunity to cross-examine Martin and the other prosecution witnesses regarding any evidentiary inconsistencies.
 {¶ 9} We cannot find that the jury lost its way in this case. The jury was within its purview to find Martin credible; they were apprised of his criminal record and his intent to purchase drugs on the day in question, yet they chose to believe his story about the robbery. A witness' testimony cannot be dismissed summarily because his lifestyle may be questionable. The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact, who observed the witness in person. State v. Davis, Cuyahoga App. No. 84610,2005-Ohio-289, ¶ 19, citing State v. Antill (1964), 176 Ohio St. 61,197 N.E.2d 548; State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212. A jury may believe or disbelieve any witness or accept part of what a witness says and reject the rest. Antill, supra.
 {¶ 10} Accordingly, after a review of the entire record and consideration of the credibility of all the witnesses, we cannot say that the jury's verdict created a manifest miscarriage of justice such that a new trial must be ordered.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., and Corrigan, J., concur.