**The STATE of Ohio, Appellant,**

v.

**MOHAMED, Appellee.**

[Cite as *State v. Mohamed,* 178 Ohio App.3d 695, 2008-Ohio-5591.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 90621.

Decided Oct. 30, 2008.

William Mason, Cuyahoga County Prosecuting Attorney, and Matthew E. Meyer, Assistant Prosecuting Attorney, for appellant.

John H. Lawson, for appellee.

COLLEEN CONWAY COONEY, Presiding Judge.

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals the trial court's decision to transfer the criminal case of defendant-appellee, Habibo Mohamed, to juvenile court. Finding no merit to the appeal, we affirm.

{¶ 2} In 2004, Mohamed and codefendant Binti Issa immigrated to the United States from Somalia. Mohamed and Issa are members of the Bantu Somali tribe and came to the United States after spending most of their lives in refugee camps in Kenya. In 2006, Mohamed and Issa were charged in Cuyahoga County Common Pleas Court with kidnapping, six counts of felonious assault, and twelve counts of child endangerment. Mohamed and Issa were accused of using a hot fork as a form of punishment to burn three children in their care on January 26, 2006.

{¶ 3} Both the state and counsel for Mohamed and Issa filed numerous pretrial motions. During the oral hearings on these motions, the trial court sua sponte raised the issue of jurisdiction because the court questioned whether Mohamed and Issa were of the age of majority on the date the crimes were alleged to have occurred. The court ordered the state and defense counsel to brief the issue. The state filed a memorandum in support of jurisdiction and attached numerous documents showing that Mohamed and Issa were of the age of majority when the alleged crime occurred. The documentation listed Mohamed's birthday as January 1, 1988, which means she would have just turned 18 when the alleged crimes occurred.[1] Included among the documentation submitted by the state was Mohamed's booking card, a copy of her marriage license, her statement to police that listed her age as 18, Issa's statement to police stating that Mohamed was 18, her child's birth certificate, school records, immigration forms, and her application for state welfare benefits. Mohamed and Issa jointly opposed the state's position. The court continued the matter for another pretrial on the jurisdictional issue. At that pretrial, the court heard from one witness for the defense, Omar Abdulkar Eno, a Somali refugee and professor.

{¶ 4} In 1991, civil war broke out in Somalia, and many Somalis fled to refugee camps in Kenya. Mohamed and Issa were part of the minority Somali Bantu, descendants of slaves who suffered discrimination in Somalia. In 1993, the United States government approved the relocation of Somali refugees to this country. The International Organization of Migration ("IOM") and the Church World Service–Joint Voluntary Agency—Kenya ("JVA"), through the United Nations, set up programs to relocate the refugees to many countries, including

---

1. Issa's birth date was listed as January 1, 1987, which, if true, would make her 19 when the alleged crimes occurred.

the United States. As part of that process, unidentified Somali refugees were appointed to attempt to establish the ages of other Somali refugees. The Bantu refugees spoke a language different from that of the Somalis appointed to determine their ages. Eno testified that the IOM and JVA attempted to establish the year of each refugee's birth, but that the day of birth was often assigned as January 1 or July 1 of a given year.

{¶ 5} During his testimony, defense counsel asked that Eno be qualified as an expert. The state objected, but the court ruled that Eno could testify as an expert on Somali Bantu refugees.

{¶ 6} Eno testified that he was unsure of his own birth date, but he uses the birth date he was assigned on all his government forms and identification. He also estimated that over 90 percent of the ages assigned to Bantu refugees were incorrect.

{¶ 7} After Eno's testimony, the court granted the state's oral request for a continuance so the state could research scientific methods that could be used to establish Mohamed's and Issa's ages. When the court reconvened, the state told the court that it would not bear the cost of scientific testing and offered to agree to the testing if the court would pay for it. The court declined, stating that it was the state's burden to demonstrate that Mohamed and Issa were of the age of majority. The state and defense counsel agreed to submit the matter based on the parties' briefs, the state's documentation, and Eno's testimony.

{¶ 8} The trial court subsequently issued a written opinion in which it transferred the cases to juvenile court based on lack of subject-matter jurisdiction, finding that the state had not met its burden of showing beyond a reasonable doubt that Mohamed and Issa were 18 years of age when the alleged crimes occurred.

{¶ 9} The state filed a motion for leave to appeal, which this court granted. The state assigns one error for our review, in which it argues that the trial court erred by transferring the case to juvenile court after refusing to consider credible circumstantial evidence that Mohamed was not a child as defined by R.C. 2151.011(A)(5).

{¶ 10} R.C. 2931.03 defines the parameters of the jurisdiction of the common pleas court and states that the "court of common pleas has original jurisdiction of all crimes and offenses." R.C. 2151.23(A)(1) defines the jurisdiction of the juvenile court and provides that the juvenile court has exclusive original jurisdiction concerning any child who is alleged to be a delinquent child. See *State v. Wilson* (1995), 73 Ohio St.3d 40, 652 N.E.2d 196, at syllabus. R.C. 2151.011(B)(5) defines a child as "a person who is under eighteen years of age * * *." R.C. 2901.12(A) provides that the trial of a criminal matter shall be held in a court

having jurisdiction over the subject matter, and in the territory of which the offense was committed. Thus, read together, R.C. 2931.03, 2151.23(A)(1), 2151.011(B)(5), and 2901.12(A) provide that a defendant charged with a crime while that person is 18 years of age or older is within the jurisdiction of the common pleas court of the county in which the crime occurred. Conversely, one who is alleged to have committed a crime before she is 18 years of age is under the exclusive jurisdiction of the juvenile court of the county in which the crime occurred.

{¶ 11} Although venue is not an element of the offense, it must be proven beyond a reasonable doubt. *State v. Headley* (1983), 6 Ohio St.3d 475, 6 OBR 526, 453 N.E.2d 716, citing *State v. Draggo* (1981), 65 Ohio St.2d 88, 19 O.O.3d 294, 418 N.E.2d 1343. However, venue need not be proved in express terms so long as it is established by the facts and circumstances in the case. *Headley* at 477, 6 OBR 526, 453 N.E.2d 716, citing *State v. Dickerson* (1907), 77 Ohio St. 34, 82 N.E. 969, paragraph one of the syllabus.

{¶ 12} The court of common pleas, as a court of general jurisdiction, possesses the authority to determine its own jurisdiction both over the person and the subject matter in an action subject to the right of appeal. *State ex rel. Miller v. Court of Common Pleas* (1949), 151 Ohio St. 397, 39 O.O. 232, 86 N.E.2d 464, paragraph three of the syllabus. Hence, the trial court in this case was authorized to determine whether Mohamed's age deprived it of its general subject-matter jurisdiction. *State v. Neguse* (1991), 71 Ohio App.3d 596, 594 N.E.2d 1116. Further, the trial court is allowed broad discretion to determine the facts that establish venue. *State v. Davis,* Cuyahoga App. No. 84610, 2005-Ohio-289, 2005 WL 174763, citing *Toledo v. Taberner* (1989), 61 Ohio App.3d 791, 793, 573 N.E.2d 1173. Thus, we will review the trial court's decision in this case for an abuse of discretion. An abuse of discretion requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. First, the state argues that the trial court substituted the standard of "reasonable doubt" with "mere possible doubt."

{¶ 13} R.C. 2901.05 defines reasonable doubt:

"Reasonable doubt" is present when the jurors, after they have carefully considered and compared all the evidence, cannot say they are firmly convinced of the truth of the charge. It is a doubt based on reason and common sense. Reasonable doubt is not mere possible doubt, because everything relating to human affairs or depending on moral evidence is open to some possible or imaginary doubt. "Proof beyond a reasonable doubt" is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of the person's own affairs.

{¶ 14} The state argues that the court ignored the circumstantial evidence that the state provided to show Mohamed's age and instead relied on testimony that was unrelated to Mohamed. The state points out that Eno had no specific knowledge regarding how Mohamed was assigned an age when she immigrated to the United States. The state further claims that Mohamed failed to provide any evidence that refuted the state's evidence that Mohamed's birth date was January 1, 1988. The state claims that because Mohamed told the police her birth date was January 1, 1988, and because she placed that birth date on her immigration, marriage, and welfare documents, she should not be allowed to now claim that her birth date was incorrect.

{¶ 15} There is no evidence that the trial court substituted reasonable doubt for "mere possible doubt." Although the court stated that it was not giving any weight to the state's documentary evidence because of the "highly questionable methods" upon which Mohamed's age was based, it is well settled that it is within the province of the factfinder to determine how much weight to give to the evidence. And although the evidence did not specifically show that the method upon which Mohamed's age was based was questionable, we cannot say that the trial court abused its discretion in considering the customary practice for all Somali Bantu refugees.

{¶ 16} Next, the state argues that the trial court faulted the state for declining to pursue invasive surgical age determination or imprecise dental age determination in lieu of circumstantial evidence. We disagree.

{¶ 17} During the pretrial process, the court granted a continuance to allow the state to determine whether any scientific methods could be utilized to establish Mohamed's age. At the pretrial hearing, the state told the court that it had consulted an expert and discovered that dental examinations were imprecise and could not determine exact age. The state then told the court that it would not pay for any scientific tests. The court reminded the state that it was the state's burden to prove that the common pleas court has jurisdiction over the defendants and that the court was not going bear the burden of paying for the state's evidence. Moreover, although it was discussed, the court and both parties jointly agreed that bone marrow testing was too invasive.

{¶ 18} We find no merit to the state's argument that the trial court "faulted" the state for the state's decision not to pursue scientific testing. Nor can we find any evidence that the trial court discounted the state's documentary evidence because the state did not have any scientific evidence to present to the court.

{¶ 19} Therefore, we find that the trial court did not abuse its discretion when it ordered the case transferred to juvenile court, because the state failed to prove

Mohamed's age beyond a reasonable doubt. The assignment of error is overruled.

{¶ 20} Accordingly, the judgment is affirmed.

Judgment affirmed.

KILBANE and BOYLE, JJ., concur.