GROSS, C.J.
Abel Smith petitions this court for a writ of habeas corpus. He claims that he is illegally incarcerated and entitled to the same relief that this court granted to his co-defendant. Along with his sworn petition, Smith filed a copy of an order purporting to be from this court. The order is a fake. We deny Smith’s petition.
After a jury trial, Smith was convicted of robbery with a firearm, a crime he committed at a convenience store with the help of a co-defendant. His conviction was affirmed on direct appeal. Smith v. State, 948 So.2d 770 (Fla. 4th DCA 2007) (per curiam affirmance).
Smith filed a timely rule 3.850 motion claiming ineffective assistance of trial counsel. The motion was denied and on appeal, this court affirmed. Smith v. State, 11 So.3d 369 (Fla. 4th DCA 2009) (per curiam affirmance).
On December 28, 2010, Abel filed this petition for writ of habeas corpus. He says that the circuit court lacked jurisdiction to prosecute him because the “proba *824 ble cause in this case was defective, and invalid to support the issuance of a warrant” in that it was not supported by an affidavit with an official seal. Smith says that in case number 4D07-3542, this court granted his co-defendant the requested relief, and that the trial court’s judicial assistant informed the co-defendant that the robbery case was dismissed. Smith claims it is a manifest injustice that he did not get the same treatment as his co-defendant.
To support his petition, Smith has attached two documents — an order from this court in the co-defendant’s case and a letter from the trial judge’s judicial assistant.
The “order” from this court is a fraud. The case number on the order was assigned to a civil case, not to any of the co-defendant’s prior cases with this court. The order does not include this court’s seal and the signature of the court clerk is a forgery. Additionally, the language of the order contains grammatical errors and misspellings and is in a form that the court does not use to grant the relief that the order purports to grant.
The letter from the judicial assistant is likely fraudulent as well. Although the letter says that the robbery ease is “to be dismissed with prejudice pending the outcome of timely appeal by the Attorney General,” the website of the Department of Corrections shows that the co-defendant is still incarcerated on the cases that were supposedly dismissed. Further, the circuit court’s online docket does not show that the cases were dismissed. Instead, the docket shows that the co-defendant has continued to file postconviction motions, and it appears the trial court has required the co-defendant to respond to a Spencer[1] order.
Even if we were to push past the forged supporting documents, the legal basis for Smith’s petition is unsound. A technical deficiency in an arrest affidavit does not deprive the circuit court of jurisdiction in a criminal case. See State v. Faidy, 919 So.2d 582, 583 (Fla. 5th DCA 2006); State v. Ballone, 422 So.2d 900, 901 (Fla. 2d DCA 1982).
The petition for writ of habeas corpus is denied. We are forwarding a copy of this opinion and Smith’s petition with attachments to the proper authorities to investigate for criminal prosecution.
HAZOURI and LEVINE, JJ., concur.

. State v. Spencer, 751 So.2d 47 (Fla.1999).